CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 16, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **JOSHUA CAIN MULLINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00601 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **S.W.V.R.J.A., et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Joshua Cain Mullins, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, filed this action in September 2019 under 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights by failing to provide appropriate medical care.  Now pending are three motions filed by Mullins: (1) Motion to Reopen, Dkt. No. 80, (2) Motion for Leave to Proceed in forma pauperis, Dkt. No. 82, and (3) Motion for Reconsideration, Dkt. No. 83.  Upon review, I conclude that the motions must be denied.

On May 8, 2020, Mullins notified the court that he had been released from custody.  Notice, Dkt. No. 60.  Thus, the court advised him that he was no longer subject to the provisions of the Prisoner Litigation Reform Act that allowed him to pay the filing fee via installments and directed him to submit the total filing fee owed or otherwise respond to the order.  Order, Dkt. No. 61.  The court's order further informed Mullins that failure to pay the fee in full or otherwise respond within the

time allowed would result in the immediate dismissal of his case. *Id.* Because Mullins failed to comply with the described conditions, the case was dismissed without prejudice on May 28, 2020. Op., Dkt. No. 64; Final Order, Dkt. No. 65.

Nearly nine months later, Mullins requested that his case be reconsidered. Dkt. No. 71. Notably, Mullins did not indicate his intent to pay the filing fee or otherwise request to proceed in forma pauperis. The court denied Mullins's motion for reconsideration, determining that he had not demonstrated any legal or factual basis on which to alter or amend the dismissal order. Order, Dkt. No. 72. Mullins did not appeal.

Now, almost six years after his case was dismissed, Mullins again seeks reinstatement of this civil action. Rule 60 of the Federal Rules of Civil Procedure permits courts to relieve a party from a final order and reopen the case under a limited set of exceptional circumstances. Fed. R. Civ. P. 60(b). As relevant here, "[a] motion under Rule 60(b) must be made within a reasonable time" and, under certain circumstances, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Mullins asserts that the court dismissed his case "because [he] was unable to pay the filing fees in the amount of time provided due to his poverty." Motion, Dkt. No. 80. He argues that because he is now incarcerated again and qualifies to proceed

in forma pauperis in a separate case, numbered 7:26-cv-00199,[1] the reasons for dismissal of this action have been resolved. Mullins misunderstands the reason for dismissal of his case; it was not dismissed because he couldn't pay the fees, but because he failed to respond to the court's order regarding payment.

Accordingly, Mullins's motions to reopen and reconsider this case must be denied as untimely, and his Motion to Proceed in forma pauperis must be denied as moot.

A separate Judgment will be entered herewith.

ENTER:   April 16, 2026

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] The separate civil action, docketed in this court on March 5, 2025, rehashes the medical issues alleged in the subject 2019 case, and makes allegations related to subsequent improper medical care, retaliation, and other constitutional violations by prison officials. Notwithstanding potential statute of limitations issues, should the court determine that there is merit to Mullins's claims regarding improper medical care, they will be addressed in the separate proceeding.